UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 4, 2014

LETTER TO PLAINTIFF AND COUNSEL:

RE: *Erin Beth Wagner v. Commissioner, Social Security Administration*;
Civil No. SAG-14-0470

Dear Counsel:

On February 19, 2014, the Plaintiff, Erin Beth Wagner, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the Commissioner's motion for summary judgment and the letter response filed by Ms. Wagner, who appears *pro se*. (ECF Nos. 20, 22). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

Ms. Wagner filed her claims in April, 2011, alleging disability beginning on August 30, 2010. (Tr. 164-76). Her claims were denied initially on September 1, 2011, and on reconsideration on December 7, 2011. (Tr. 103-07, 109-16). A hearing was held on November 28, 2012, before an Administrative Law Judge ("ALJ"), and Ms. Wagner was represented by counsel. (Tr. 31-54). Following the hearing, on December 7, 2012, the ALJ determined that Ms. Wagner was not disabled during the relevant time frame. (Tr. 8-24). The Appeals Council denied Ms. Wagner's request for review, (Tr. 2-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that during the relevant time period, Ms. Wagner suffered from the severe impairment of an affective disorder. (Tr. 13). Despite this impairment, the ALJ determined that Ms. Wagner retained the residual functional capacity ("RFC") to "perform a full range of unskilled work at all exertional levels; however, she cannot work with the public or have more than occasional interaction with co-workers and supervisors." (Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Wagner could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 19).

*Erin Beth Wagner v. Commissioner, Social Security Administration*
Civil No. SAG-14-0470
December 4, 2014
Page 2

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ ruled in Ms. Wagner's favor at step one, finding that she had not engaged in substantial gainful activity since the alleged onset date. (Tr. 13). The ALJ's sequential evaluation then addressed, at step two, each of the impairments Ms. Wagner suffered during the relevant time frame. As noted above, the ALJ concluded that Ms. Wagner's affective disorder was severe. The ALJ also considered Ms. Wagner's obesity, and her history of alcohol and marijuana abuse. (Tr. 14). The ALJ found that obesity was not a severe impairment because Ms. Wagner did not claim any physical problems, and found that substance abuse did not constitute a severe impairment because Ms. Wagner had abstained from using substances since she had been taking medication. *Id.* Accordingly, I find no basis for remand.

At step three, the ALJ determined that Ms. Wagner's impairments did not meet the specific requirements of, or medically equal the criteria of, Listing 12.04 (governing affective disorders). (Tr. 14-15). Listing 12.04 requires a claimant to demonstrate that her impairment results in at least two of the following: (1) marked restrictions of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. Citing Ms. Wagner's activities of daily living, which include caring for an autistic child, interacting with friends, driving, and managing her finances, the ALJ concluded that Ms. Wagner had mild restrictions in her activities of daily living, moderate difficulties in social functioning and concentration, persistence, or pace, and no episodes of decompensation of extended duration. *Id.* No medical source has opined that Ms. Wagner's impairment meets the Listing, and I find no evidence to suggest that the criteria of the Listing have been established.

At step four, the ALJ summarized Ms. Wagner's subjective complaints. (Tr. 15-16). The ALJ found Ms. Wagner's statements concerning the intensity, persistence, and limiting effects of her symptoms to be less than fully credible. (Tr. 17). Specifically, the ALJ relied upon Ms. Wagner's lack of any medical treatment until January, 2011, the improvement with use of medications, her activities of daily living, the GAF scores assigned on August 12, 2011, and July 16, 2012, reflecting moderate and mild symptoms, respectively, and the medical opinions from the State agency medical consultants. (Tr. 16-17). The ALJ assigned "great weight" to the assessment of consultative examiner Dr. Miller, who recommended psychiatric treatment and possible vocational services. (Tr. 18, 284). The ALJ also relied on the actual treatment notes from Ms. Wagner's physicians, and on the facts that Ms. Wagner had applied for and received unemployment benefits, and had looked for work, during the period of alleged disability. (Tr. 18). The ALJ appropriately discounted the opinions of a certified registered nurse practitioner

and a licensed clinical social worker, noting that the opinions are contradicted by the treatment records from those sources. (Tr. 17-18).

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Wagner's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, then, I find the ALJ's RFC determination was supported by substantial evidence.

At step five, the ALJ next considered the impact of Ms. Wagner's age and level of education on her ability to adjust to work. (Tr. 19). Since Ms. Wagner's RFC assessment contained non-exertional limitations, the ALJ asked the VE whether jobs existed in the national economy that were suited to Ms. Wagner's particular assessment. (Tr. 49-50). The VE testified that a person with Ms. Wagner's RFC would be capable of performing the jobs of unskilled light merchandise marker, light cleaner, medium cleaner, and hand packager. (Tr. 50-51). Based on the VE's testimony, the ALJ concluded that Ms. Wagner is capable of successfully adjusting to work that exists in significant numbers in the national economy. (Tr. 19). I therefore find that the ALJ's determination was supported by substantial evidence.

Finally, I note that Ms. Wagner attached two recent medical records to her letter. (ECF No. 22-1). Those records reflect a recent clinical diagnosis of depersonalization disorder from a licensed clinical social worker in May, 2014, and a recent admission to an adult partial hospitalization program in September, 2014. *Id.* However, I cannot consider evidence that was not before the Commissioner, except under very limited circumstances where the evidence is both new and material. *See Smith v. Chater*, 99 F.3d 635, 638, n. 5 (4th Cir. 1996). To establish that the evidence was material, Ms. Wagner would have to show that the evidence might reasonably have changed the decision of the Commissioner. *See Wilkins v. Sec., Dept. of Health and Human Servs.,* 953 F.2d 93, 96 (4th Cir. 1991); 42 U.S.C. § 405(g). Here, the Commissioner's decision was rendered in December of 2012, and the newly submitted records contain no content suggesting that they have any relevance to the time pre-dating the ALJ's opinion. Accordingly, the evidence pertaining to Ms. Wagner's medical condition in 2014 cannot be considered regarding this appeal.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 20) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge